**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAROD JONES, | : |
| | : Civil Action No. 12-41 (JAP) |
| Plaintiff, | : |
| v. | : **OPINION** |
| CENTRAL RECEPTION AND ASSIGNMENT FACILITY, et al., | : |
| Defendants. | : |

**APPEARANCES**:

    SHAROD JONES, Plaintiff <u>pro</u> <u>se</u>
    #673124/276484C
    Southern State Correctional Facility
    Compound A/Unit 4
    4295 Rt. 47
    Delmont, New Jersey 08314

**PISANO**, District Judge

Plaintiff, Sharod Jones, a state inmate confined at the Southern State Correctional Facility, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. On January 5, 2012, this Court entered an Order administratively terminating this case because Plaintiff had failed to pay the requisite filing fee or submit a complete *in forma* pauperis application with his six-month institutional account certified by a prison official at the prison where Plaintiff was then

confined.  (*See* Docket entry no. 2.)  The January 5, 2012 Order allowed Plaintiff to re-open his case if he submitted a complete *in forma pauperis* application or paid the filing fee.  (*Id.*)  On January 25, 2012, Plaintiff submitted a complete *in forma pauperis* application with a letter asking that his action be re-opened.  (*See* Docket entry nos. 3, 4.)  Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to re-open this case and file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I.  BACKGROUND

Plaintiff, Sharod Jones ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against Defendants, the Central Reception and Assignment Facility ("CRAF") and the New Jersey Department of Corrections ("NJDOC").  (Complaint, Caption, ¶ 4b, 4c.)  The following factual allegations are taken

from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on or about February 14, 2011, his finger was broken when his cell door was closed on it after the second shift medication. Plaintiff complains that his cell door should not have been open at that time, and asserts a violation of his Eighth and Fourteenth Amendment rights against cruel and unusual punishment. (Compl., ¶ 6.) Plaintiff seeks compensatory and punitive damages of $ 1 million. (Compl., ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs the district court to screen the complaint for cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte*

screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility. ... "[A]llegations that are no more than conclusions are not entitled to the assumption of truth; ... [a court should] "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d

at 211 (citing *Iqbal*, 556 U.S. at 678-79).  Thus, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 20011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).  Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

5

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

IV. DISCUSSION

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *See, e.g., Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Rivers v. SCI Huntingdon Prison*, --- F. App'x ----, 2013 WL 3958615 (3d Cir. 2013). Thus, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against that state or any one of its agencies. *Wisconsin Dept. of Corrections*, *supra*; *Rivers*, *supra*. Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979); *Ellington v. Cortes*, --- F. App'x ----, 2013 WL 382261, *2 (3d Cir. 2013).

6

The NJDOC is a state entity or agency of the State of New Jersey. *See* N.J. Stat. Ann. 30:1B (establishing "in the Executive Branch of the State Government a principal department which shall be known as the Department of Corrections."). Moreover, CRAF is a sub-part of the NJDOC. *Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec.28, 2012) (explaining that "New Jersey state prison facilities are entitled to immunity from suit in federal court under the Eleventh Amendment and, therefore, they are not "persons" within the meaning of § 1983.") (citing *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989); *Cf. Bey v. Pennsylvania Dept. of Corr.*, 98 F. Supp.2d 650, 657 (E.D.Pa. 2000) (finding that State correctional institutions were arms of the state because those entities were run exclusively by and through the State's Department of Corrections, and therefore they were immune under the Eleventh Amendment from claims raised in a prisoner's § 1983 action). Accordingly, the Complaint against the NJDOC and CRAF is barred by the Eleventh Amendment and should be dismissed with prejudice accordingly, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).[1]

---

[1] In addition, the Complaint must be dismissed as against Defendants because both the NJDOC and CRAF are not entities cognizable as "persons" for the purposes of a § 1983 suit. *See*

Finally, the Court finds that the Complaint asserts a mere negligence-based claim, which is not cognizable under § 1983. There are no allegations of any constitutional wrongs. At best, the Complaint alleges that Defendants were negligent in having Plaintiff's cell door open at a time when it allegedly should not have been open. (*See* Compl. ¶ 6.) This assertion amounts to nothing more than a claim of negligence on the part of Defendants.

The Supreme Court has held that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). "[M]erely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent". *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010) (citing *Lewis*, 523 U.S. at 849). Indeed, the Supreme Court has long held that prison authorities' mere negligence in and of itself does not violate a prisoner's constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986). *See also Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n. 2

---

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70-71 and n. 10 (1989); *Duran v. Merline*, --- F.Supp.2d ----, 2013 WL 504582, *20, fn. 4 (D.N.J. 2013) (citing *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983)).

(3d Cir. 2001).  The United States Constitution is not a "font of tort law." *Lewis*, 523 U.S. at 847 n. 8, 848 (The Constitution does not guarantee due care on the part of government officials.); *Innis v. Wilson*, 334 F. App'x 454, 457 (3d Cir. 2009).  In a due process challenge, the threshold question is whether the behavior of the government officer "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  *Lewis*, 523 U.S. at 847 n. 8; *see Daniels*, 474 U.S. at 330 (claim arising out of a fall from pillow left on prison stairs is a claim of negligence, not actionable under the Due Process Clause of the Fourteenth Amendment); *Sanford v. Stiles*, 456 F.3d 298, 305 (3d Cir.2006). *See also Robinson v. Temple Univ. Health Svcs.*, 2012 WL 6183603 at *2 (3d Cir. Dec. 12, 2012) (unpubl.) (allegations of negligence do not support a section 1983 claim).

Therefore, the Court finds that, even if Plaintiff could amend his Complaint to name persons who are not immune from suit under the Eleventh Amendment, his claim fails to state a cognizable claim of a constitutional deprivation under § 1983 because the allegations are based on a claim of mere negligence. The Complaint will be dismissed with prejudice accordingly.

V.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, because the Defendants are immune from suit under the Eleventh Amendment and because they are not "persons" subject to suit under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii), (iii) and 1915A(b)(1), (2).  Moreover, the Complaint alleges nothing more than a claim of simple negligence that is not cognizable under § 1983.  An appropriate order follows.

_/s/ Joel A. Pisano___
JOEL A. PISANO
United States District Judge

Dated: August 27, 2013